SCANDINAVIAN AIRLINES SYSTEM
DENMARK–NORWAY–SWEDEN,
Plaintiff,

v.

McDONALD'S CORP, and Chicago
Aviation Partners, Defendants.

No. 94 C 2269.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 2, 1994.

James C. Howell, Keith C. Cuthrell, Mark D. Stiles, Willcox & Savage, P.C., Norfolk, VA, Michael R. Blankshain, Wildman, Harrold, Allen & Dixon, Chicago, IL, for plaintiff.

Joel S. Sprayregen, Cary E. Donhum, Samuel G. Harrod IV, Shepsky & Froelich Ltd., Chicago, IL, Pamela Doak Gray, McDonalds Corp., Oakbrook, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Scandinavian System Denmark–Norway–Sweden ("SAS") filed a three count complaint against McDonald's Corporation ("McDonald's") and Chicago Aviation Partners ("CAP") alleging a breach of contract, appropriation of a business opportunity, and breach of fiduciary duty. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332(a)(2). Defendants have moved to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and for failure to join a necessary party. After full review of the motion, pleadings and memoranda on file, for the reasons set forth below, the Court denies the motion.[1]

### FACTS

The gist of SAS's complaint is that in 1991 it, McDonald's and an entity known as Carson International, Inc., ("Carson"), which has not been named in this suit, entered into an oral agreement to form a joint venture (the "Joint Venture") for the purpose of obtaining an award from the City of Chicago of a contract for the development and operation of the concessions at the new international terminal at O'Hare International Airport. According to the amended complaint, detailed written documents reflecting the formation and precise terms of the Joint Venture were prepared but never executed be-

---

1. Defendants have also moved to strike certain of plaintiff's prayers for relief. The Court declines to consider that aspect of the motion at this time.

cause the Joint Venture did not obtain the contract when it was initially awarded. (Amended Complaint, ¶ 6.) The Joint Venture did prepare and submit a written proposal to the City, and the co-venturers shared in the expenses and work in preparing that proposal as well as in conducting a formal presentation. (Amended Complaint, ¶¶ 7, 8.)

In July 1992, approximately one year later, the City announced that the contract would be awarded to another applicant. That decision was subsequently rescinded, however, and another request for proposals was issued in December 1992. According to SAS, McDonald's failed to inform SAS that the City was again requesting proposals, instead electing to form a new joint venture (CAP) with Duty–Free International Inc. for the purpose of submitting a proposal. That proposal was accepted and CAP was subsequently awarded the contract.

In Count I SAS alleges that McDonald's breached the oral joint venture agreement by failing to notify SAS of the City's second request for proposals. In Counts II and III, SAS claims that McDonald's, by obtaining the contract through CAP, appropriated a business opportunity of the Joint Venture, and breached its fiduciary duty to SAS.

McDonald's and CAP have moved to dismiss the amended complaint for failure to state a claim, arguing that: (1) the allegations of the complaint establish as a matter of law that the parties intended that a written agreement govern their relationship; (2) even if an oral agreement existed, the Joint Venture terminated upon the submission of the proposal to the City, or when the City awarded the contract to another applicant, and; (3) if an oral agreement existed, the complaint fails to allege that SAS complied with all conditions precedent. Because all three counts are predicated on the existence of an oral joint venture agreement, defendants' argument, although directed toward count I, is equally applicable to counts II and III.

In addition, defendants assert that the amended complaint must be dismissed for SAS's failure to join a necessary party (Carson) pursuant to Fed.R.Civ.P. 19.

## *DISCUSSION*

### *Failure to State A Claim*

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When deciding a motion to dismiss, the court shall accept as true all of the plaintiff's well pleaded factual allegations and otherwise liberally construe the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). In addition, the court must give the plaintiff the benefit of every reasonable inference that may be drawn from the facts. *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Defendants contend that Count I fails to state a claim for breach of contract (and, therefore, counts II and III also fail to state claims), arguing that the allegations of the amended complaint demonstrate that the parties to the alleged Joint Venture did not intend to be bound until the execution and delivery of the detailed written documents. Defendants do not argue that a joint venture cannot be established by oral agreement, see *Ditis v. Ahlvin Construction Co.,* 408 Ill. 416, 97 N.E.2d 244 (1951), but rather that the allegations of paragraph 6 of the amended complaint demonstrate as a matter of law that the parties never intended to be bound by any oral agreement. In support of this argument, defendants rely on *Thacker v. Chicago Housing Authority,* No. 87 C 0365, 1989 WL 84561 at 5, 1989 U.S.Dist. Lexis 8540 at 14 (N.D.Ill. July 20, 1989), and *Ceres Illinois Inc. v. Illinois Scrap Processing, Inc.,* 114 Ill.2d 133, 143–44, 102 Ill.Dec. 379, 500 N.E.2d 1 (1986), in which the court stated:

> However, even where the essential terms have been agreed upon, "if the clear intent of the parties is that neither will be legally bound until the execution and delivery of a formal agreement, then no contract comes into existence until such execution and delivery [Citations]."

Neither case lends support to defendants' position. In *Thacker*, the plaintiff's original complaint alleged that defendant CHA had entered into a contract by means of a resolution in which its Board of Commissioners directed the Executive Director to "conclude a contract" with the plaintiff. The court dismissed the complaint, holding that the resolution did not form a contract because it contemplated a condition precedent to contract formation. Plaintiff then filed an amended complaint which merely added conclusory allegations with no new facts. The court again dismissed, noting that the amended complaint alleged that five written documents, all executed by plaintiff but not the CHA, had been exchanged. From the allegations the court concluded that the parties' intent to execute written documents prior to formation of a contract was clear.

Likewise, the Illinois Supreme Court's ruling in *Ceres* was based on the trial court's finding that both sides contemplated that the agreement would be reduced to writing and executed as a condition precedent to its completion.

■ In the instant case, the allegations of the amended complaint do not compel a finding that the parties did not intend to be bound until such time as written documents were executed. The complaint can easily be read to allege that the parties intended to execute documents only if they were awarded the contract. This does not establish, as a matter of law, that signing those documents was a condition precedent to an oral agreement with respect to "seeking" the contract. Indeed, although inartfully drafted, paragraph 6 contains just such an allegation.

■ Under the liberal notice pleading standards of the Federal Rules, all a party must do is "set out sufficient factual matter to outline his cause of action or claim, proof of which is essential to his recovery." *Sutliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648, 654 (7th Cir.1984). Under this standard, the Court concludes that the amended complaint adequately alleges the existence of an oral agreement to work together to seek a contract from the City.

■ Defendants next contend that even if the parties had an oral agreement to seek the contract, the allegations of the amended complaint demonstrate that McDonald's fully performed all of its obligations. Whether McDonald's completed its obligations under the alleged oral agreement depends upon when the agreement terminated. In Illinois, a joint venture is defined as an association of two or more persons to carry on a single enterprise for profit. *Herst v. Chark*, 219 Ill.App.3d 690, 162 Ill.Dec. 176, 579 N.E.2d 990 (1st. Dist.1991). Where no termination date is fixed by the venture agreement, the agreement remains in force until its single purpose is accomplished or until accomplishment has become impracticable. *Maimon v. Telman*, 40 Ill.2d 535, 538, 240 N.E.2d 652 (1968).

■ McDonald's contends that paragraphs 6 through 9 of the amended complaint demonstrate that: (1) either it fulfilled its obligations by submitting the written proposal and formal presentation, or (2) the oral venture agreement terminated by July, 1992, when the City announced that it was accepting the bid of another applicant. The Court disagrees with this narrow interpretation of the alleged agreement. If, as SAS alleges, the parties had an agreement to seek the contract, then that agreement would necessarily remain in effect until such time as the Joint Venture either received the contract or it no longer had any opportunity to do so. McDonald's obligations were not necessarily fulfilled simply by submitting the written proposal and making the formal presentation, nor did the agreement necessarily terminate when the City announced that it was accepting the bid of another applicant. The parties' obligations would not end until they could do no more to obtain the contract. That did not occur until the City actually entered into a binding contract and no longer had a right to rescind.

That event did not happen in July, 1992, as defendants contend, because the City rescinded its original decision and requested new proposals in December, 1992. At that time the Joint Venture could have resubmitted its original or a new proposal. Either way, the alleged oral joint venture agreement

would have remained in effect until the City actually entered into a contract which, as SAS correctly points out, did not happen until the City signed the contact with CAP. If these allegations are true, SAS can prove that McDonald's breached the oral contract.

 The Court also rejects McDonald's final argument that count I does not allege that SAS has complied with all conditions precedent. Although the amended complaint does not contain the usual allegation that "plaintiff has performed all obligations required of it," SAS has set forth, albeit scantily, the work done by it and the other parties in order to obtain the contract. In contrast, defendants have failed to set forth any unfulfilled obligations, except to state that the written documents that are not before the Court must contain some.[2]

### Failure to Join A Necessary Party

Finally, defendants have moved to dismiss the complaint for SAS's failure to add Carson as a party. Joinder of persons needed for just adjudication is governed by Fed.R.Civ.P. 19, which provides in part:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not

been so joined, the court shall order that the person be made a party....

 Obviously, as a purported joint venturer, Carson has an interest in this action and should be before the Court if feasible. *See Schmidt v. E.N. Maisel and Assoc.*, 105 F.R.D. 157 (N.D.Ill.1985). Without its presence, McDonald's faces the real possibility of multiple suits and inconsistent obligations. The Court has not been apprised of any reason, however, that Carson cannot be joined as a party. Therefore, rather than dismiss the complaint, the Court orders that plaintiff join Carson as a party plaintiff.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), (7) is denied, and plaintiff is ordered to join Carson as a party plaintiff. Defendants are granted twenty-one days from the date of this order in which to answer or otherwise plead to the amended complaint.

---

**2.** This is defendants' second attempt to rely on the contents of documents not properly before the Court. In their opening memorandum (p. 3 n. 1) defendants refer to an executed letter of intent that specifically sets forth the parties' intent not to be bound until written documents were executed. SAS has also referred to unpresented documents (memorandum in opposition, p. 7). None of these documents were incorporated into the complaint, see Fed.R.Civ.P. 10(c),

and, therefore, cannot be considered by the Court on a Rule 12 motion. In fact, none of the documents were even attached to the memoranda which reference them. The Court strongly suggests that rather than improperly alluding to such documents in the context of a Rule 12 motion, the parties bring them before the Court in a summary judgment motion pursuant to Fed. R.Civ.P. 56.